UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| REGINALD GREEN,<br>9108 Lela Court<br>Fort Washington, MD 20744<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN UNIVERSITY<br>4400 Massachusetts Avenue, N.W.<br>Washington, D.C. 20016<br><br>and<br><br>BENJAMIN LADNER<br>1740 Skippers Row<br>Gibson Island, MD 21056<br><br>Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants American University and Benjamin Ladner, ("Defendants"), hereby give notice of removal of the above-titled action from the Superior Court for the District of Columbia to this Court and in support thereof state:

1. The Complaint in this action was served on Defendants on January 8, 2007. Pursuant to 28 U.S.C. § 1446(a) a copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff alleges that Defendants failed to accommodate his physical and/or mental health condition(s), which substantially limit one or more major life activities, and terminated his employment because of these condition(s).

3. Plaintiff asserts a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., which involves a federal question. The Court has original jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

4. In addition, Plaintiff brings causes of action under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, et seq., and in tort for unlawful employment practices. As these claims form part of the same case or controversy, the Court has supplemental jurisdiction over these causes of action pursuant to 28 U.S.C. § 1367(a).

5. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a) and (c).

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will (a) give written notice to Reginald Green that the above-titled action has been removed to this Court and (b) will file a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia.

WHEREFORE, Defendants hereby give notice that the above-titled action now pending against it in the Superior Court for the District of Columbia is removed therefrom to this Court.

DATED:    January 10, 2007

                                             */s/ Christine N. Kearns*

Christine N. Kearns (D.C. Bar # 416339)
PILLSBURY WINTHROP SHAW PITTMAN
2300 N. Street, NW
Washington, D.C. 20037-1128
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
*Attorney for Defendants*
*American University and Benjamin Ladner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2007, the foregoing "Notice of Removal" was served by first class mail, postage prepaid, on the following counsel of record:

        Sheldon L. Gnatt
        KNIGHT, MANZI, NUSSBAUM & LAPLACA
        14440 Old Mill Road
        Upper Marlboro, MD 20772

        _____
        Rebecca M. Carr

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Reginald Green

*Plaintiff*

vs.

American University

*Defendant*

Mary Kennard
General Counsel
3201 New Mexico Ave., N.W.
Suite 270
Washington, DC 20016

Civil Action No. 0008539-06

0008539-06

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Sheldon L. Gnatt
Name of Plaintiff's Attorney

Knight, Manzi, Nussbaum & LaPlaca, P.A.
Address
14440 Old Mill Rd, Upper Marlboro, MD 20772

301-952-0100
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date November 27, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Reginald Green

*Plaintiff*

VS.

Benjamin Ladner

*Defendant*

1740 Skippers Row
Gibson Island, MD 21056

0008539-06

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Sheldon L. Gnatt
Name of Plaintiff's Attorney

Knight, Manzi, Nussbaum & LaPlaca, P.A.
Address
14440 Old Mill Rd, Upper Marlboro, MD 20772

301-952-0100
Telephone

By _____
Deputy Clerk

Date November 27, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

REGINALD GREEN                          *
9108 Lela Court
Fort Washington, MD 20744               *

      Plaintiff,                      *

   v.                                   *    Civil Action No.

                                    0008539-06
AMERICAN UNIVERSITY                     *
4400 Massachusetts Avenue, N.W.
Washington D.C. 20016                   *

and                                     *

BENJAMIN LADNER                         *
1740 Skippers Row
Gibson Island, MD 21056                 *

      Defendants.                     *

RECEIVED Civil Clerk's Office NOV 27 2006 Superior Court of the District of Columbia Washington, D.C.

### COMPLAINT

COMES NOW Reginald Green, Plaintiff, by and through his attorneys, Sheldon Gnatt and Knight, Manzi, Nussbaum & LaPlaca, P.A., and sues the Defendants, American University and Benjamin Ladner, and for his causes of action states as follows:

### STATEMENT OF THE CASE AND JURISDICTION

1. This is a civil action for damages, injunctive and other relief authorized and instituted pursuant to the Americans with Disabilities Act and the D.C. Human Rights Act as well as an action sounding in tort for unlawful employment practices on the basis of disability.

2. This Court has jurisdiction of this action, and this action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and pursuant to the District of Columbia Human Rights Act, D.C. Code §§ 2-1401 and 2-1402 ("DCHRA"). There is concurrent jurisdiction in Federal and state courts over ADA cases.

## THE PARTIES

3.  Plaintiff, Reginald Green, is a citizen of the United States and resides in Fort Washington, Prince George's County, Maryland.

4.  Defendant, American University, an institution of higher learning, is a corporation with its principal place of business in Washington, D.C., and, at all relevant times, had and does have at least fifteen (15) employees.

5.  At all relevant times Defendant, American University, has continuously been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and is an "employer" within the meaning of D.C. Code § 2-1401.02(10).

6.  At all relevant times, Defendant, American University, is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2) and a covered "educational institution" within the meaning of D.C. Code § 2-1401.02(8).

7.  Defendant, Benjamin Ladner, formerly President of American University, was employed by the Defendant, American University, in a supervisory capacity and has acted under color or custom or usage of law and the laws of the District of Columbia at all times material to this action.

8.   At all relevant times Defendant, Benjamin Ladner, acting in the interest of American University, was an employer of the Plaintiff within the meaning of the District of Columbia Human Rights Act, D.C. Code § 2-1401.02(10).

9.   At all pertinent times Plaintiff, Reginald Green, was employed by the Defendants, within the judicial district of the District of Columbia. Venue is proper in the District of Columbia, where Plaintiff was employed and where the Defendant American University maintains its principal place of business.

## STATEMENT OF FACTS

10.   On August 16, 2004, Plaintiff was hired as a Chauffer/Office Assistant to Benjamin Ladner, then-president of American University.

11.   At the time of his application for the position, Plaintiff informed the Defendants that he had physical and/or mental health condition(s) which would require certain accommodations.

12.   The Plaintiff has physical and/or mental impairment(s) that substantially limit one or more major life activities. The Plaintiff's disabilities come within the protection of the ADA and the DCHRA for which reasonable accommodations should be made.

13.   The Plaintiff requested that reasonable accommodations be made for his disabilities. Defendants denied these requests for accommodations.

14.   On or about December 3, 2004, Defendants terminated Plaintiff's employment upon Plaintiff's and Defendant Ladner's return from a trip to Philadelphia, during which trip Plaintiff, against Ladner's wishes and instructions, had stopped to use the bathroom because of his physical medical condition.

3

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. On or about December 21, 2004, Plaintiff filed a timely complaint alleging employment discrimination with the District of Columbia Human Rights Commission (the "Commission") (Commission Docket No. 05-105-P (CN)).

16. The Commission returned a no probable cause determination.

17. Plaintiff filed a request for reconsideration with the Commission. The Commission accepted the request and, in a decision dated January 24, 2006, affirmed the finding of no probable cause.

18. The findings of the Commission were reviewed by the U. S. Equal Employment Opportunity Commission (EEOC) (EEOC Charge No. 10C-2005-00080) which issued a Dismissal and Notice of Rights dated August 28, 2006, a copy of which is attached hereto, indicating therein that the EEOC had adopted the findings of the Commission and notifying Plaintiff of his right to file a lawsuit within 90 days of his receipt of the Notice.

19. This suit is filed within said 90-day period. All conditions precedent to the filing of this Complaint and all statutorily prescribed prerequisites have been satisfied.

## COUNT I
(Violation of the ADA by American University)

20. Plaintiff, Reginald Green, incorporates by reference all allegations contained in Paragraphs One through Nineteen as if specifically set forth herein.

21. Defendant American University failed to make reasonable accommodations to the known physical and/or mental disabilities of the Plaintiff as is required by the Americans With

Disabilities Act, 42 U.S.C. § 12112(b)(5)(A) and discriminated against Plaintiff in the terms and conditions and privileges of his employment.

22. As a result of Defendant's policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his disability.

23. As a further result of Defendant's above-stated actions, Plaintiff has been, is being and will continue to be deprived of income in the form of wages and other benefits.

24. As a further result of Defendant's above-stated actions, Plaintiff has suffered pain, humiliation and embarrassment.

WHEREFORE, Plaintiff, REGINALD GREEN, prays:

a. That a Declaratory Order be issued that the acts and practices of the Defendant, as complained of above, discriminated against Plaintiff on the basis of his disability;

b. That the Defendant be preliminarily and permanently enjoined from continuing the discriminatory employment practices as complained of above;

c. That the Court order the Defendant to compensate Plaintiff with back pay for economic losses he has suffered as a result of the Defendant's discriminatory employment practices and to require the Defendant to continue to so compensate Plaintiff until he has reached his rightful place, including but not limited to, interest thereon, lost pension benefits, normal salary increases, and any other benefits to which the Plaintiff would have been entitled;

d. That the Court order the Defendant to place the Plaintiff in his rightful place within American University, or, in the alternative, order the Defendant to compensate Plaintiff for future lost earnings suffered as a result of the Defendant's discriminatory employment practices;

e.  That the Court award Plaintiff compensatory damages for pain, suffering, humiliation, and embarrassment suffered as a result of the discriminatory practices of the Defendant, and punitive damages, in the amount of Three Hundred Thousand Dollars ($300,000);

f.  That the Court award Plaintiff the costs of this action including reasonable attorney's fees;

g.  And for such other and further relief as may be necessary and proper.

**COUNT II**
(Violation of the DCHRA by American University and Benjamin Ladner)

25.  The Plaintiff, Reginald Green, incorporates by reference all allegations contained in Paragraphs One through Twenty-Four as if specifically set forth herein.

26.  Defendant Benjamin Ladner is an employer as defined in the District of Columbia Human Rights Act, D.C. Code §2-1401.02(10).

27.  Defendants, American University and Benjamin Ladner, failed to make reasonable accommodations to the known physical and/or mental disabilities of the Plaintiff as is required by the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 and discriminated against Plaintiff in the terms and conditions and privileges of his employment.

28.  As a result of Defendants' policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his disability.

29.  As a further result of Defendants' above-stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages and other benefits.

30. As a further result of Defendants' above-stated actions, Plaintiff has suffered pain, humiliation and embarrassment.

WHEREFORE, Plaintiff, REGINALD GREEN, prays:

a. That a Declaratory Order be issued that the acts and practices of the Defendants, as complained of above, discriminate against Plaintiff on the basis of his disability;

b. That the Defendants be preliminarily and permanently enjoined from continuing the discriminatory employment practices as complained of above;

c. That the Court order the Defendants to compensate Plaintiff with back pay for economic losses he has suffered as a result of the Defendants' discriminatory employment practices and to require the Defendants to continue to so compensate Plaintiff until he has reached his rightful place, including but not limited to, interest thereon, lost pension benefits, normal salary increases, and any other benefits to which the Plaintiff would have been entitled;

d. That the Court order the Defendants to place the Plaintiff in his rightful place within American University, or, in the alternative, order the Defendants to compensate Plaintiff for future lost earnings suffered as a result of the Defendants' discriminatory employment practices;

e. That the Court award Plaintiff compensatory damages for pain, suffering, humiliation, and embarrassment suffered as a result of the discriminatory practices of the Defendants, and punitive damages, in the amount of One Million Dollars ($1,000,000);

f. That the Court award Plaintiff the costs of this action including reasonable attorney's fees.

## COUNT III

(Wrongful termination by American University)

31. The Plaintiff, Reginald Green, incorporates by reference all allegations contained in Paragraphs One through Thirty as if specifically set forth herein.

32. The Plaintiff's employment was terminated by the Defendant, American University, without just cause or provocation, contrary to the clear mandate of public policy set forth by the ADA and the DCHRA.

WHEREFORE, Plaintiff, REGINALD GREEN, prays for compensatory damages in the amount of One Million Dollars ($1,000,000), and punitive damages in the amount of One Million Dollars ($1,000,000), against the Defendant American University.

## COUNT IV
(Wrongful termination by Benjamin Ladner)

33. The Plaintiff, Reginald Green, incorporates by reference all allegations contained in Paragraphs One through Thirty-Two as if specifically set forth herein.

34. The Plaintiff's employment with American University was terminated by the Defendant, Benjamin Ladner, acting within the interest of American University, without just cause or provocation, contrary to the clear mandate of public policy set forth by the ADA and the DCHRA.

WHEREFORE, Plaintiff, REGINALD GREEN, prays for compensatory damages in the amount of One Million Dollars ($1,000,000), and punitive damages in the amount of One Million Dollars ($1,000,000), against the Defendant Benjamin Ladner.

8

Respectfully submitted,

*[signature]*

Sheldon L. Gnatt
Attorney for Plaintiff
D.C. Bar No. 362405

KNIGHT, MANZI, NUSSBAUM
&LAPLACA
14440 Old Mill Road
Upper Marlboro, MD 20772
(301) 950-0100

JURY DEMAND

Plaintiff demands a trial by jury.

*[signature]*

Sheldon L. Gnatt

9

# DISMISSAL AND NOTICE OF RIGHTS

To: Reginald C. Green
9108 Lela Court
Fort Washington, MD 20744

From: Washington Field Office - 570
1801 L Street, N.W.
Suite 100
Washington, DC 20507

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2005-00080 | David Gonzalez, State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)

AUG 2 8 2006

Enclosure(s)

Dana Hutter,
Director

*(Date Mailed)*

cc: Benjamin Ladner
American University
4400 Massachusetts Avenue, N.W.
Washington, DC 20016

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Reginald Green

## DEFENDANTS
American University and Benjamin Ladner

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dist. of Columbia__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sheldon L. Gnatt
KNIGHT, MANZI, NUSSBAUM & LAPLACA
14440 Old Mill Road
Upper Marlboro, MD 20772

CASE NUMBER  1:07CV00052

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 01/10/2007

JURY

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. § 1441(a) and (c). Removal from Superior Court for District of Columbia based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 5,300,000.00   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE January 10, 2007   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.