UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD GREEN,

                Plaintiff,

v.                                                                          Case No. 1:07-cv-0052 (RBW)

AMERICAN UNIVERSITY, et al.,

                Defendants.

## ANSWER

Defendants American University and Benjamin Ladner (collectively "Defendants"), through undersigned counsel, hereby answer the Complaint filed by Plaintiff Reginald Green ("Plaintiff"). Any allegation not specifically admitted is denied.

### AS TO "STATEMENT OF THE CASE AND JURISDICTION"

1.    Defendants admit that the Complaint purports to claim violations of the Americans with Disabilities Act and the D.C. Human Rights Act and assert an action for unlawful employment practices, but deny the legal and factual sufficiency of those claims and demand strict proof thereof.

2.    Defendants admit that the Complaint purports to assert claims that would support the "Court['s]" jurisdiction, but deny the factual and legal sufficiency of those claims and demand strict proof thereof. This case was originally filed in the Superior Court for the District of Columbia, and properly removed to this Court on January 10, 2007.

### AS TO "THE PARTIES"

3.    Defendants are without knowledge or sufficient information to form a belief as to the citizenship or residency of Plaintiff.

4. Defendants admit the allegations of paragraph 4.

5. Defendants neither admit nor deny the allegations of paragraph 5, because they contain a legal conclusion to which no response is required.

6. Defendants neither admit nor deny the allegations of paragraph 6, because they contain a legal conclusion to which no response is required.

7. Defendants admit that Dr. Ladner was formerly President of American University and was employed by American University in a supervisory capacity. Defendants can neither admit nor deny that Dr. Ladner "acted under color or custom or usage of law and the laws of the District of Columbia at all times material to this action" because that phrase is vague and ambiguous. To the extent paragraph 7 intends to allege that Dr. Ladner acted lawfully, the allegation is admitted.

8. Defendants admit that Dr. Ladner acted "in the interest of American University" in connection with Plaintiff's employment, but deny that he was an employer of Plaintiff. Defendants neither admit nor deny the remaining allegations of paragraph 8, because they contain a legal conclusion to which no response is required.

9. Defendants admit that Plaintiff was employed by American University in the District of Columbia. Defendants deny the remaining allegations of paragraph 9.

## AS TO "STATEMENT OF FACTS"

10. Defendants admit the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants admit that Plaintiff was terminated on December 3, 2004, but deny the remaining allegations of paragraph 14.

## AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

15. Defendants admit that on December 21, 2004, Plaintiff filed a complaint with the District of Columbia Human Rights Commission, the contents of which speak for itself. To the extent that paragraph 15 purports to paraphrase the content of the complaint, Defendants deny that paraphrasing.

16. Defendants admit the allegations of paragraph 16.

17. Defendants admit the allegations of paragraph 17.

18. Defendants admit that Plaintiff attached a copy of the August 28, 2006 Dismissal and Notice of Rights from the EEOC to the Complaint, the contents of which speak for itself. To the extent that paragraph 18 purports to paraphrase the content of the attachment, Defendants deny that paraphrasing.

19. Defendants admit the allegations of the first sentence of paragraph 19. Defendants neither admit nor deny the allegations of the second sentence of paragraph 19, because they contain a legal conclusion to which no response is required.

## AS TO "COUNT I
(Violation of the ADA by American University)"

20. Defendants incorporate their responses to paragraphs 1 through 19 as if specifically set forth herein.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

In response to the prayer for relief following paragraph 24, Defendants hereby incorporate all of their foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 24 of the Complaint. Defendants deny that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

## AS TO "COUNT II
(Violation of the DCHRA by American University and Benjamin Ladner)"

25. Defendants incorporate their responses to paragraphs 1 through 24 as if specifically set forth herein.

26. Defendants neither admit nor deny the allegations of paragraph 26, because they contain a legal conclusion to which no response is required.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

In response to the prayer for relief following paragraph 30, Defendants hereby incorporate all of their foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 30 of the Complaint. Defendants deny that Plaintiff is entitled to any of the remedies sought in this prayer for relief.

## AS TO "COUNT III
(Wrongful termination by American University)"

31. Defendants incorporate their responses to paragraphs 1 through 30 as if specifically set forth herein.

32. Defendants deny the allegations of paragraph 32.

In response to the prayer for relief following paragraph 32, Defendants hereby

incorporate all of their foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 32 of the Complaint. Defendants deny that Plaintiff is entitled to any of the damages sought in this prayer for relief.

## AS TO "COUNT IV
(Wrongful termination by Benjamin Ladner)"

33.    Defendants incorporate their responses to paragraphs 1 through 32 as if specifically set forth herein.

34.    Defendants deny the allegations of paragraph 34.

In response to the prayer for relief following paragraph 34, Defendants hereby incorporate all of their foregoing answers, as if specifically set forth herein, to the allegations contained in paragraphs 1 through 34 of the Complaint. Defendants deny that Plaintiff is entitled to any of the damages sought in this prayer for relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff has failed to state sufficient facts to justify an award of compensatory or punitive damages.

3.    Plaintiff failed to seek any accommodation under the Americans with Disabilities Act and the D.C. Human Rights Act.

4.    Plaintiff's damages, if any, are barred by his failure to mitigate.

WHEREFORE, Defendants pray for judgment that:

A.    Plaintiff takes nothing by this action;

B.    Defendants be awarded their costs of this suit;

C.    Defendants be awarded their attorneys' fees for this suit; and

    D.    For such other and further relief as this Court deems just and proper.

DATED:  January 29, 2007        Respectfully submitted,

        /s/ Christine N. Kearns
Christine N. Kearns (D.C. Bar No. 416339)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC  20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

*Counsel for Defendants*
*American University and Benjamin Ladner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2007, the foregoing "Answer" was served via first-class mail, postage-prepaid, U.S. mail, on the following counsel of record:

> Sheldon L. Gnatt
> KNIGHT, MANZI, NUSSBAUM & LAPLACA
> 14440 Old Mill Road
> Upper Marlboro, MD 20772

_____
Rebecca M. Carr