IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REGINALD GREEN,<br><br>               Plaintiff,<br><br>vs.<br><br>AMERICAN UNIVERSITY, et al.,<br><br>               Defendants. | Case No. 1:07-cv-0052 (RBW) |

### DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants American University and Benjamin Ladner (collectively "Defendants") hereby make the following initial disclosures.

These disclosures are made without waiver of and with preservation of the following:

1)   All issues as to competency, relevancy, materiality, privilege, and admissibility of matters disclosed herein, and the subject matter thereof, as evidence for any purpose in any further proceedings in this action (including the trial in this action and any other action);

2)   The right to object to any matters disclosed herein, or the subject matter thereof, on any grounds in any further proceedings in this action (including the trial of this action, and any other action);

3)   The right to object to any ground at any time to a demand or request for further disclosure of matter identified herein, including, but not limited to, requests for documents, interrogatories, requests for admission, depositions, or other discovery proceedings involving or relating to the subject matter or this controversy; and

4) The rights at any time to revise, correct, add to, supplement, or clarify any of the disclosures contained herein.

In the event any matters are inadvertently disclosed by the Defendants and otherwise fall within the attorney-client privilege and/or work-product privilege, the Defendants shall not be deemed to have waived their privilege as to any such disclosure or the information contained therein, or the right to the attorney-client privilege and/or work-product privilege as to any matter that arises during the course of this litigation or any subsequent litigation.

## INITIAL DISCLOSURES

A. **PERSONS WITH RELEVANT KNOWLEDGE (FED. R. CIV. P. 26(a)(1)(A))**

Pursuant to FED. R. CIV. P. 26(a)(1)(A), the Defendants identify the following individuals that may have discoverable knowledge regarding matters relevant to the above-captioned action. The subject(s) of the information within each person's knowledge is identified below. All witnesses identified below must be contacted through counsel.

1. Benjamin Ladner

Dr. Ladner has knowledge of the Plaintiff's deficient performance at American University.

2. Meg Clemmer

Ms. Clemmer has knowledge of the Plaintiff's deficient performance at American University.

3. Nancy Ladner

Mrs. Ladner has knowledge of the Plaintiff's deficient performance at American University.

4.     Sally Ekfelt

Ms. Ekfelt has knowledge of the Plaintiff's deficient performance at American University.

**B.     RELEVANT DOCUMENTS (FED. R. CIV. P. 26(a)(1)(B))**

Pursuant to FED. R. CIV. P. 26(a)(1)(B), the Defendants herewith provide a description by category of documents that they have in their possession, custody, or control that may be relevant to the above-captioned action. Documents that are subject to the attorney-client privilege and/or work-product privilege are not identified or categorized herein.

1.     Plaintiff's December 21, 2004, complaint filed with the District of Columbia Office of Human Rights ("DCOHR").

2.     Equal Employment Opportunity Commission ("EEOC") Request for Information.

3.     American University's Response to the DCOHR Request for Information.

4.     December 3, 2004, Termination Letter from Benjamin Ladner to Plaintiff.

5.     Driver's Duties and Responsibilities.

6.     July 2004 Position Questionnaire for Plaintiff.

7.     American University's Staff Manual of Personnel Policies – Probationary Service.

8.     American University's Position Statement filed with the DCOHR on February 25, 2005.

9.     Correspondence with Jewell Little, EO Specialist.

10. Plaintiff's Personnel File.

11. DCOHR June 15, 2005, Letter of Determination.

12. DCOHR January 24, 2006, Determination on Complainant's Request for Consideration.

13. EEOC August 28, 2006, Dismissal and Notice of Rights.

**C.   COMPUTATION OF MONETARY DAMAGES (FED. R. CIV. P. 26(a)(1)(C))**

Defendants will seek the recovery of the costs and attorneys' fees they incur in defending this litigation. The amount of these costs and attorneys' fees cannot be determined until Defendants are declared the prevailing party.

**D.   INSURANCE AGREEMENTS (FED. R. CIV. P. 26(a)(1)(D))**

Pursuant to FED. R. CIV. P. 26(a)(1)(D), Defendant American University hereby states that it has an insurance agreement with United Educators.

DATED: March 6, 2007                    Respectfully submitted,

/s/
Christine N. Kearns (D.C. Bar No. 416339)
Rebecca M. Carr (D.C. Bar No. 488274)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

*Counsel for Defendants*
*American University and Benjamin Ladner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2007, the foregoing "Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)" was served by first class mail, postage prepaid, on the following counsel of record:

>Sheldon L. Gnatt
>KNIGHT, MANZI, NUSSBAUM & LAPLACA
>14440 Old Mill Road
>Upper Marlboro, MD 20772

>_____
>Rebecca M. Carr