UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINALD GREEN * | |
| * | |
| *Plaintiff* * | |
| * | |
| v. * | Civil Action No.: 1:07-cv-0052 (RBW) |
| * | |
| AMERICAN UNIVERSITY * | |
| * | |
| and * | |
| * | |
| BENJAMIN LADNER * | |
| * | |
| *Defendants* * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO REVISE OR SUSPEND SCHEDULING ORDER AND FOR ALTERNATIVE DISPUTE RESOLUTION

Comes now Plaintiff, Reginald Green, by his attorneys, Knight, Manzi, Nussbaum & LaPlaca and Sheldon L. Gnatt, and moves this Honorable Court to revise or suspend the Scheduling Order in this case and refer the parties to Alternative Dispute Resolution (ADR), and for reasons states as follows:

1. In the parties' Joint Meet and Confer Statement Pursuant to Local Rule 16.3, filed on or about March 6, 2007, counsel indicated, on behalf of Plaintiff and Defendants, that the parties agree that the case could benefit from the Court's ADR procedures and that cost savings and other practical advantages would flow from conducting ADR/mediation prior to conducting formal discovery.

2. Subsequently, on or about April 11, 2007, as the parties were about to undertake substantial discovery, without the parties having heard from the Court to schedule a Scheduling Conference or to approve the proposed Scheduling Order prepared by the parties,

LAW OFFICES
KNIGHT, MANZI, NUSSBAUM AND LAPLACA
PROFESSIONAL ASSOCIATION
14440 OLD MILL ROAD
UPPER MARLBORO, MARYLAND 20772
(301) 952-0100

Defendants' counsel indicated that Defendants' position on ADR, as expressed in the Joint Meet and Confer Statement, had changed, and Defendants were no longer agreeable to ADR/mediation. Instead, Defendants preferred to engage in settlement discussions directly. When those discussions quickly proved unsuccessful, the undersigned counsel for Plaintiff reiterated his belief that direct discussions did not have nearly the potential for success as would mediation with a third-party neutral. Defendants, however, did not agree to try mediation and, consequently, the parties plowed ahead with discovery. Plaintiff and his undersigned counsel, both before and after the receipt of discovery, continue to believe that mediation with a third-party neutral has the best (and, perhaps, only) potential for resolving this case short of trial.

3. In the meantime, the Court scheduled a Scheduling Conference, on September 11, 2007. Unfortunately, due to Plaintiff's counsel's attendance at a funeral on that date, the Conference was not held. The parties, nevertheless, have proceeded with discovery in order to adhere to the Scheduling Order, approved by the Court, which required discovery to be completed by October 1, 2007.

4. In the Court's General Orders and Guidelines for Civil Cases, at paragraph 7, Your Honor states, "It shall be the norm for all cases to be referred for some form of alternative dispute resolution." So far, this expectation has gone unfulfilled.

5. Defendants' counsel recently indicated that they are embarking on the preparation of a dispositive Motion for Summary Judgment. Pursuant to the Scheduling Order, that Motion is due to be filed on or before December 3, 2007. The instant Motion requests that the Court suspend the Scheduling Order or hold it in abeyance so that the parties, prior to Defendants expending the costs associated with a Motion for Summary Judgment, can participate in Court-directed ADR/mediation.

6.  In a letter to Defendants' counsel dated October 4, 2007, Plaintiff's counsel asked whether Defendants will join in this request or express their consent or whether Plaintiff's counsel "should inform the Court that Defendants do not consent and, instead, prefer to press on with their Motion and [based on prior correspondence] hold over Plaintiff's head the threat that he may be held responsible for Defendants' costs." In response, Defendants' counsel provided a letter of the same date stating their position and requesting that the letter be attached to this motion. A copy of said letter is attached.

WHEREFORE, Plaintiff prays that this Motion be granted and that the Scheduling Order be held in abeyance pending the completion of court-directed ADR.

Respectfully submitted,

_____
Sheldon L. Gnatt
Attorney for Plaintiff
D.C. Bar No. 362405

Knight, Manzi, Nussbaum & LaPlaca, P.A.
14440 Old Mill Road
Upper Marlboro, MD  20772-3088
(301)952-0100
Fax No. (301) 952-0221

## STATEMENT OF POINTS AND AUTHORITIES

1.  Judge Walton's General Orders and Guidelines for Civil Cases.

_____
Sheldon L. Gnatt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2007, a copy of the foregoing Motion to Revise or Suspend Scheduling Order and for Alternative Dispute Resolution was mailed by first class mail, postage prepaid, to:

Christine N. Kearns
PILLSBURY WINTHROP SHAW PITTMAN
2300 N Street, NW
Washington, DC 20037-1128
(202) 663-8000
*Attorney for Defendants, American University
  and Benjamin Ladner*

                                                                    Sheldon L. Gnatt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINALD GREEN                         *
                                       *
    *Plaintiff*            *
                                       *
v.                                     *   Civil Action No.: 1:07-cv-0052 (RBW)
                                       *
AMERICAN UNIVERSITY                    *
                                       *
and                                    *
                                       *
BENJAMIN LADNER                        *
                                       *
    *Defendants*           *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Upon consideration of the Motion to Revise or Suspend Scheduling Order and for Alternative Dispute Resolution and any opposition thereto, and it appearing to the Court that the case should be referred to Alternative Dispute Resolution, it is this ___ day of _____, 2007, by the U.S. District Court for the District of Columbia

**ORDERED,** that the Motion to Revise or Suspend Scheduling Order and for Alternative Dispute Resolution be and the same hereby is GRANTED; and it is further

ORDERED, that the Scheduling Order be held in abeyance pending the completion of court-directed ADR.

 

_____
JUDGE

cc: Christine N. Kearns (D.C. Bar No. 416339)
Rebecca M. Carr (D.C. Bar No. 488274)
PILLSBURY WINTHROP SHAW PITTMAN
2300 N Street, NW
Washington, DC 20037-1128
(202) 663-8000
*Attorneys for Defendants, American University
and Benjamin Ladner*

Sheldon L. Gnatt (D. C. Bar No. 362405)
KNIGHT, MANZI, NUSSBAUM & LaPLACA, P.A.
14440 Old Mill Road
Upper Marlboro, MD 20772
(301) 952-0100
*Attorneys for Plaintiff, Reginald Green*



**Pillsbury
Winthrop
Shaw
Pittman** LLP

2300 N Street NW
Washington, DC 20037-1122

Tel 202.663.8000
Fax 202.663.8007
www.pillsburylaw.com

Christine N. Kearns
Phone: 202.663.8488
christine.kearns@pillsburylaw.com

October 4, 2007

**VIA E-MAIL AND FIRST-CLASS MAIL**

Sheldon L. Gnatt, Esquire
Knight, Manzi, Nussbaum & LaPlaca, P.A.
14440 Old Mill Road
Upper Marlboro, MD 20772

Re:   Green v. American University, et al., Case No.: 1:07-cv-0052

Dear Sheldon:

We are in receipt of your October 4, 2007 letter that you sent to us via email and first-class mail regarding your intention to immediately file a motion with the Court to hold the Scheduling Order in abeyance while the parties participate in Court-directed ADR-mediation. We continue to feel that experienced counsel should be able to resolve this particular case given the absence of any actual damages and the respective merits of the parties' positions.

On June 21, 2007, we sent you a letter reiterating a settlement offer from American University (the "University"), which had been made on June 7, 2007 by Rebecca Carr. In that letter we explained the University's position regarding settlement and plaintiff's lack of actual damages. In addition, in response to your June 25, 2007 request, we sent you a letter summarizing our view of the case. This was all done in the hope that the parties could avoid the costs of discovery. On June 29, 2007, you informed us that your client was not willing to accept our offer, but you stated that "we will revisit our position on settlement and hope that your clients will be interested in doing so[,]" after receiving discovery responses. You then took four (4) depositions without further discussion of settlement.

The fact that we intend to file a motion for summary judgment, which would have financial consequences for the plaintiff if defendants are successful, is not a "threat." It is standard federal civil procedure. In addition, we contacted you regarding settlement in anticipation of our preparation of a dispositive motion in response to your expressed desire to reconsider settlement after discovery. While we cannot prevent the plaintiff from requesting ADR, we see no reason to stay the case while he does so particularly now that we have incurred the expense of discovery.

Sheldon L. Gnatt, Esquire
October 4, 2007
Page 2

Should you file your motion requesting ADR and a stay we request that you attach this letter so that the Court has an accurate and complete description of the settlement history of this case.

Sincerely,

Christine N. Kearns